# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES HENSON *<br>*Plaintiff* | |
| v. | Civil Case No. ELH-18-1102 |
| NATURMED, INC.<br>D/B/A<br>INSTITUTE FOR VIBRANT LIVING<br>*Defendant* | |

*********

## MEMORANDUM

On April 17, 2018, plaintiff James Henson filed a class action suit against defendant NaturMed, Inc., d/b/a Institute for Vibrant Living ("NaturMed"). ECF 1 ("Complaint"). Plaintiff asserts several contract claims, tort claims, and a violation of the Maryland Consumer Protection Act, Md. Code (2017 Repl. Vol., 2018 Supp.), §§ 13-301 *et seq.* of the Commercial Law Article. *Id.*

This Memorandum resolves plaintiff's "Motion for Leave to Amend the Complaint, for Joinder of Additional Parties, and to Amend the Scheduling Order" (ECF 24, the "Motion"), filed on December 5, 2018. NaturMed filed an opposition (ECF 25) as well as 17 exhibits that total over 200 pages. *See* ECF 25-1 to ECF 25-17. Henson did not reply. *See* Docket.

In addition, I shall resolve defendant's motion to compel answers to interrogatories and the production of documents, filed on November 7, 2018. ECF 18. It is supported by a memorandum (ECF 18-1) (collectively, "Discovery Motion") and exhibits. No response has been filed.

On March 11, 2019, NaturMed's attorneys asserted that NaturMed is now a dissolved corporation and moved to withdraw from the case. ECF 26. That motion was granted by an Order

of the same date. ECF 27. Defendant, a corporation, has been advised of the need to secure counsel. ECF 28. But, to date, no attorney has appeared for the defendant. *See* Docket.

A hearing is not necessary to resolve the motions. Local Rule 105.6. For the reasons that follow, I shall grant plaintiff's Motion and deny defendant's Discovery Motion.

## I. Procedural Background

As noted, suit was filed on April 17, 2018. ECF 1. Defendant filed its Answer on July 10, 2018. ECF 3.

The Court held a telephone conference with counsel on August 22, 2018. *See* ECF 10; ECF 11. Thereafter, on August 27, 2018, counsel submitted a Joint Proposed Scheduling Order. ECF 12. I approved it on the same date. ECF 13. The Scheduling Order set a deadline of October 15, 2018, for joinder of parties and amendment of pleadings. *Id.*

On October 31, 2018, plaintiff attempted to file a motion for leave to amend the Complaint, so as to join additional parties, and to amend the Scheduling Order. ECF 14. However, the Clerk advised that it was not properly filed. ECF 15. On November 4, 2018, plaintiff again sought to amend. ECF 16. Again, the Clerk advised that the filing was not properly made. ECF 16. Thereafter, on November 7, 2018, NaturMed filed its Discovery Motion. ECF 18.

The Court held a status conference with counsel on November 15, 2018. *See* ECF 20; *see also* Docket. And, in an Order of November 16, 2018 (ECF 21), I directed plaintiff to submit his overdue discovery responses by November 25, 2018. I also directed plaintiff to submit a corrected motion to amend the complaint by November 30, 2018. *Id.*

On December 3, 2018, plaintiff moved for leave to amend the complaint, but once again it was improperly filed. ECF 22. Two days later, on December 5, 2018, plaintiff properly filed the Motion, along with over 200 pages of exhibits. *See* ECF 24-3 to ECF 24-7. Of relevance here,

plaintiff sought leave to add four parties, described by plaintiff as indispensable: (1) Bactolac Pharmaceutical, Inc. ("Bactolac"); (2) Independent Vital Life, LLC ("Independent Vital"); (3) HKW Capital Partners III, L.P. ("HKW Capital"); and (4) William Ruble. ECF 24 at 3, 8.

As indicated, on March 11, 2019, counsel for NaturMed moved to withdraw (ECF 26) from the case. The Court granted the motion. ECF 27.

Additional facts are included in the Discussion.

## II.   Discussion

### A.

Plaintiff appears to have provided the discovery responses, albeit a day late. ECF 25 at 15. Therefore, I shall deny the Discovery Motion (ECF 18), as moot.

### B.

A complaint may be amended "once as a matter of course" within twenty-one days of service of a defendant's answer or Rule 12(b), (e), or (f) motion, "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(b). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the court "should freely give leave when justice so requires." *Id.*

When a party seeks to amend a pleading after the expiration of a deadline set forth in a scheduling order, Rule 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent."

Thus, at this juncture, plaintiff must do more than satisfy the liberal standard for amendments set forth in Fed. R. Civ. P. 15(a). Because the Motion was filed after the deadline set forth in the Scheduling Order, Henson must first meet the requirements of Rule 16(b)(4), "the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v.*

3

*Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see Cook v. Howard*, 484 Fed. Appx. 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment."); *Humane Soc'y of the United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, DKC-13-1822, 2016 WL 3668028, at *2 (D. Md. July 11, 2016) ("Plaintiffs must do more than satisfy the liberal standard of Fed. R. Civ. P. 15(a); they must first meet the mandates of Fed. R. Civ. P. 16(b)(4) . . . ."); *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519-20 (D. Md. 2014) (applying a two-prong test under Rules 16(b)(4) and 15(a) in analyzing an untimely motion for leave to amend).

The "burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indemnity Co.*, JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016). To demonstrate good cause, the party seeking relief must "'show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Cook*, 484 Fed. Appx. at 815 (alterations in *Cook*) (quoting 6A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1522.2 (3d ed.)).

In determining whether the moving party has met its burden to show good cause, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat*, 993 F. Supp. 2d at 520 (citing *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768-69 (D. Md. 2010)). Notably, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) (internal quotations and citation omitted).

If the moving "'party was not diligent, the inquiry should end.'" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (emphasis omitted)); *accord CBX Technologies, Inc. v. GCC Technologies, LLC*, JKB-10-2112, 2012 WL 3038639 at *4 (D. Md. July 24, 2012) (denying motion to amend complaint because plaintiff's "failure to anticipate" its needs was "of its own doing and not the fault of any other entity"), *aff'd*, 533 Fed. Appx. 182 (4th Cir. 2013).

*Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618 (D. Md. 2003), is informative. There, one week beyond the deadline for joinder as set forth in the scheduling order, the plaintiff filed a conditional motion for leave to file an amended complaint, seeking to add two defendants in the event that the court granted the defendant's pending summary judgment motion. *Id.* at 630-31. The only explanation offered by the plaintiff for the out-of-time filing was that the plaintiff's counsel had "'overlooked'" the schedule. *Id.* at 632. In light of the court's denial of the defendant's summary judgment motion, Judge Chasanow denied as moot the request for leave to amend. But, she noted that she would not "have allowed" plaintiff to amend the complaint to add new parties under Rule 16 "at this late date . . . ." *Id.* at 631.

Judge Chasanow explained: "Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" *Id.* at 632 (internal quotations omitted). She added, *id.*: "The tardiness is particularly egregious given that [the plaintiff] was put on notice as early as January 2002 that [the defendant] would assert that [another entity] was the proper defendant in the case." *See also Sharkey IRO/IRA v. Franklin Resources*, 263 F.R.D. 298, 301 (D. Md. 2009) (concluding that "undue delay [in the filing of a motion to amend] may exist when there is no reasonable justification for a delay between the moving party becoming aware of the need to alter the complaint and the actual filing of the motion to amend").

5

If the movant shows good cause for modification of the scheduling order, the inquiry shifts to Rule 15(a). Rule 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Under Rule 15(a), the district court has "broad discretion concerning motions to amend pleadings." *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam); *see also Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 426-29 (4th Cir. 2006) (en banc).

A district court may deny a motion to amend for reasons "'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth*, 337 F. App'x at 312 (quoting *Foman*, 371 U.S. at 182). However, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* (citation omitted); *see Simmons,* 634 F.3d at 769; *Equal Rights Center v. Niles Bolton Assocs.,* 602 F.3d 597, 603.

## C.

The Rule 16(b) "good cause" inquiry "is focused on the movant's diligence." *Humane Soc'y*, 2016 WL 3668028, at *4. As noted by NaturMed, plaintiff failed to address the Rule 16(b) good cause standard in his Motion, and instead focused his argument on Rule 15(a)'s more lenient standard. Henson also did not file a reply brief to address NaturMed's Rule 16(b) arguments. A failure to address Rule 16(b) in a motion to amend is "a lack of diligence—without which the court

6

is hard-pressed to conclude that good cause exists to modify the scheduling order." *Id.* Nevertheless, Henson's carelessness is not dispositive.

Henson alleges that the Court should grant leave to amend because he could not have complied with the deadline in the Scheduling Order. ECF 24 at 8. He maintains that, while in the process of designating an expert witness "about . . . matters . . . not previously known to him," he "very recently" discovered four indispensable parties that must be added to the Complaint: (1) Bactolac, Independent Vital, HKW Capital, and Ruble. ECF 24 at 3, 8. Further, he asserts that his delayed discovery of these parties is the result of NaturMed withholding key information. *Id.* at 8. Henson also asserts that there has been no undue delay or bad faith on his part. Additionally, he claims that because the amended complaint would not assert a new cause of action against NaturMed, it would not be prejudicial. *Id.*

In opposition to the Motion, NaturMed claims that Henson has shown a "complete lack of diligence" throughout the case. ECF 25 at 2, 11. For example, NaturMed points to Henson taking over a month to properly file his Motion after initially filing it incorrectly. *Id.* at 5

Although plaintiff was tardy in his filings, delay alone is not dispositive. Henson did not display the type of carelessness and lack of diligence that are "hallmarks of failure to meet the good cause standard." *Odysset Travel Ctr.*, 262 F. Supp 2d at 632 (internal quotations omitted). In fact, Henson's discovery of the parties reflects his diligence. Additionally, the Court must consider whether Henson "acted in good faith," the length and effect of his delay, and whether delay will prejudice NaturMed. *See Elat*, 993 F. Supp. 2d at 520 (citing *Tawwaab*, 729 F. Supp. 2d at 768-69).

NaturMed does not contend, nor do I see, any indication that Henson filed his Motion in bad faith. Moreover, plaintiff's delay in seeking to add the parties does not prejudice NaturMed,

7

especially given that it is in default and has allegedly dissolved.  *See Tawwaab*, 729 F. Supp. 2d at 770 (finding that there was "little risk of prejudice" and that the movant demonstrated good cause under Rule 16(b)(4) where the proposed amendment "merely add[ed] an additional defendant in the case based on the same facts alleged in the [movant's previous complaint]").

Therefore, Henson has satisfied Rule 16(b)(4)'s good cause standard, notwithstanding his delay.  For the same reasons, Henson has also satisfied Rule 15(a)'s liberal standard.

### III. Conclusion

For the reasons set forth above, I shall deny defendant's Discovery Motion, as moot.  And, I shall grant plaintiff's "Motion for Leave to Amend the Complaint, for Joinder of Additional Parties, and to Amend the Scheduling Order."

An Order follows, consistent with this Memorandum.

Dated: May 15, 2019 /s/
Ellen L. Hollander
United States District Judge