IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES HENSON,<br>*Plaintiff*,<br><br>  v.<br><br>NATURMED, INC.,<br>D/B/A INSTITUTE FOR VIBRANT LIVING,<br>ET AL.<br>*Defendants*. | Civil Action No. ELH-18-1102 |

**MEMORANDUM**

On April 17, 2018, plaintiff James Henson filed a class action suit against defendant NaturMed, Inc., d/b/a Institute for Vibrant Living ("NaturMed"). ECF 1 (the "Complaint"). Plaintiff alleged that the defendant manufactured, distributed, and/or sold dietary supplements that are toxic to human beings. Henson asserted breach of warranty claims, tort claims, and a violation of the Maryland Consumer Protection Act, Md. Code (2017 Repl. Vol., 2018 Supp.), §§ 13-301 *et seq.* of the Commercial Law Article. *Id.* Defendant filed its Answer on July 10, 2018 (ECF 3) and the Scheduling Order was issued on August 27, 2018. ECF 13.

By Order of March 11, 2019 (ECF 27), I granted the Motion of NaturMed's attorneys to withdraw as counsel for the defendant. ECF 26. Since then, no counsel has appeared for NaturMed. The Clerk entered a default against NaturMed in February 2020. ECF 40.

In a Memorandum (ECF 29) and Order (ECF 30) of May 15, 2019, the Court granted Henson's motion to amend the Complaint. *See* ECF 24). The Amended Complaint is docketed at ECF 31. In particular, Henson added three new corporate defendants to the suit. *See* ECF 29; ECF 31. But, in the year and several months that have since passed, plaintiff has never effected service of process on any of the additional defendants. *See* Docket; ECF 50.

In a motion filed September 10, 2020 (ECF 50, the "Motion"), Henson seeks an extension of time until November 10, 2020, to "serve the additional [d]efendants and determine their involvement." *Id.* at 1. He also seeks an extension of time to refile his motion for default judgment against NaturMed. *Id.*

For the reasons that follow, I shall deny the Motion in part and grant the Motion in part.

### I.   Background

As noted, Mr. Henson initiated this suit in April 2018. ECF 1. NaturMed answered. ECF 3. In the Scheduling Order of April 27, 2018 (ECF 13), the Court set a deadline of October 15, 2018, to amend the pleadings.

On multiple occasions in the Fall of 2018, plaintiff attempted to file a motion for leave to amend the Complaint, so as to add additional defendants. *See* ECF 29 at 2. But, each time the Clerk deemed the motion improperly filed. *See* Docket. Finally, on December 5, 2018, plaintiff properly filed a motion for leave to amend. *See* ECF 24 ("Motion to Amend"). As is relevant here, plaintiff sought leave to add three defendants, described by plaintiff as indispensable: (1) Bactolac Pharmaceutical, Inc. ("Bactolac"); (2) Independent Vital Life, LLC ("Independent Vital"); and (3) HKW Capital Partners III, L.P. ("HKW"). *See* ECF 24 at 3, 8.

On March 11, 2019, counsel for NaturMed moved for leave to withdraw as defense counsel, noting that the corporation had "dissolved." ECF 26. The Court granted the motion that day. ECF 27. And, on March 11, 2019, the Court issued an Order directing NaturMed to obtain new counsel by April 11, 2019 (ECF 28), pursuant to Local Rule 10.1(a), which provides that "[a]ll parties other than individuals must be represented by counsel." Further, I cautioned NaturMed that it "must obtain counsel within this time frame to avoid default judgment." ECF 28.

Of relevance here, by Memorandum (ECF 29) and Order (ECF 30) of May 15, 2019, the Court granted the Motion to Amend. In the Memorandum, I noted that the Motion to Amend failed to address the relevant standard for a motion to amend if it is submitted after the deadline set forth in a scheduling order (Fed. R. Civ. P. 16(b)(4)). *See* ECF 29 at 6-8. Nevertheless, I reasoned that "Henson did not display the type of carelessness and lack of diligence that are 'hallmarks of failure to meet the good cause standard.'" *Id.* at 7 (quoting *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp 2d 618, 632 (D. Md. 2003)). Moreover, I noted that the Amended Complaint posed "'little risk of prejudice'" to NaturMed, and further, there was no indication that Henson filed the Motion to Amend in bad faith. ECF 29 at 7 (quoting *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 770 (D. Md. 2010).

The Amended Complaint was docketed on May 15, 2019. ECF 31. To date, however, plaintiff has not effected service of process on the three defendants added to the suit pursuant to the Amended Complaint. *See* Docket; *see also* ECF 51.

In an Order of June 6, 2019, the Court gave defendant "one further opportunity," until June 28, 2019, to obtain new counsel. ECF 32. NaturMed did not respond. Accordingly, by Order of September 24, 2019, I directed plaintiff to submit a status report by October 7, 2019. ECF 35. However, plaintiff failed to comply. *See* Docket. Therefore, by Order of December 3, 2019, I again directed plaintiff to submit a status report, due by December 20, 2019. ECF 36.

Plaintiff filed a status report, as directed. ECF 37. In that report, plaintiff averred, among other things, that he was "confident that this Honorable Court will enter an order of default as to liability against Defendant NaturMed, Inc." *Id.*

In response, by Order of December 26, 2019 (ECF 38), I reviewed the requirements for obtaining an order of default as well as a default judgment under Fed. R. Civ. P. 55. *Id.* at 3.

Further, I instructed plaintiff that if he sought to pursue a default judgment, he must first seek an order of default, and I directed him to do so by January 20, 2020. *Id*.

On January 20, 2020, plaintiff moved for an entry of default as to NaturMed. ECF 39. The Clerk of Court entered a default against NaturMed on February 5, 2020. ECF 40. Then, on July 15, 2020, plaintiff filed a motion for default judgment against NaturMed for the relief sought in the Amended Complaint. ECF 47.

I referred the motion for default judgment to Chief Magistrate Judge Beth Gesner for review and for recommendations, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. ECF 48. In an Order of August 14, 2020 (ECF 49), Judge Gesner denied the motion, without prejudice to plaintiff's right to refile by September 14, 2020. *Id*. at 2-3. Judge Gesner reasoned that the motion did not "address whether the factual allegations contained in [the] Amended Complain constitute a legitimate cause of action." *Id.* at 2. Moreover, she pointed out that the Motion failed to establish a basis for the requested award of damages and legal fees. *Id.*

Of particular relevance here, Judge Gesner also explained that because Bactolac, Independent Vital, and HKW have not been served with the Amended Complaint, entering default only as to NaturMed would be inappropriate, in light of the allegations asserting joint and several liability and the risk of inconsistent judgments. *Id.* at 1 n.1 (citing *Queen v. Ctr. For Sys. Mgmt., Inc.*, Civil No. ELH-10-3518, 2012 WL 4058044, at *2 (D. Md. Sept. 13, 2012));[1] *see Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). Further, Judge Gesner instructed: "If plaintiff wants to seek default judgment against only defendant NaturMed, Inc., he needs to also dismiss the remaining three defendants with prejudice" (citing *Queen*, 2012 WL 4058044, at *2).

---

[1] The citation is to an opinion authored by Judge Gesner in a case I referred to her.

- 4 -

Judge Gesner gave plaintiff until September 14, 2020, to refile the motion for default judgment. Mr. Henson filed the pending Motion on September 10, 2020. ECF 50.

## II.     Discussion

The Motion (ECF 50) is barebones. Plaintiff "requests additional time with which to get service on these Defendants and determine what, if any, involvement they have with the allegations in the Complaint(s)." *Id.* at 1. No mention is made of the relevant standard for evaluating the request.

Service of process is a prerequisite for litigating in federal court. In its absence, a court simply lacks personal jurisdiction over the defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019).

Rule 4 of the Federal Rules of Civil Procedure governs service of process. As is relevant here, Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." In the context of 4(m), "good cause" entails "some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). This occurs "when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Id.*

Several district courts in the Fourth Circuit have observed that it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the service deadline, in the absence of good cause. *See, e.g.*, *Escalante v. Tobar Constr.*, PX-18-980, 2019 WL 109369, at *1 n.1 (D.

Md. Jan. 3, 2019); *Lehner v. CVS Pharmacy*, RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005).  Nevertheless, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3.

Bactolac, Independent Vital, and HKW were added to the suit by way of the Amended Complaint (ECF 31), filed on May 15, 2019.  *See* ECF 29; ECF 30.  That was approximately sixteen months ago.  Plaintiff offers no explanation whatsoever as to why he has not served these defendants in more than a year.  Accordingly, the Court is without a "reasoned basis" to excuse the untimely service.  *See Hoffman*, 379 F. Supp. 2d at 786.

Moreover, the case was filed in April 2018.  At this point, more than two years later, I discern no basis to justify further delay of the litigation.  It would be as if the case was just getting started, although it has been pending for about two and a half years.

Therefore, I decline to extend the time for service upon Bactolac, Independent Vital, and HKW.  However, I shall grant Mr. Henson an extension of time to refile his motion for default judgment against NaturMed.  That motion shall be filed by **October 5, 2020**.  And, if plaintiff believes that he is entitled to a default judgment without dismissing his claims, *with prejudice*, against Bactolac, Independent Vital, and HKW, he should present his argument to Judge Gesner, with supporting authority.

## IV. Conclusion

For the foregoing reasons, the Motion is DENIED in part and GRANTED in part. An Order follows.

Date: September 16, 2020

/s/
Ellen Lipton Hollander
United States District Judge